IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cr-40034-SMY |
| | ) |
| LEE JAY JOHNSON, | ) |
| STEVEN JAMES PIQUE, | ) |
| GERALD BRENT MORAN, | ) |
| JOSHUA AARON MARSHALL, and | ) |
| JOHN MICHAEL PRITCHARD | ) |
| | ) |
| Defendants. | ) |

# ORDER

**YANDLE, District Judge:**

Defendants Lee Jay Johnson, Steven James Pique, Gerald Brent Moran, Joshua Aaron Marshall, and John Michael Pritchard are charged with conspiracy to violate the Lacey Act and unlawful transportation of wildlife (Doc. 1). Now before the Court are Defendant Johnson's motion requesting that this case be designated as "complex" pursuant to 18 U.S.C. § 3161 *et. seq*. and for a continuance of the current trial setting (Doc. 51), Johnson's motion for leave to appear remotely (Doc. 52), and Defendant Marshall's motion joining Johnson's motion for complex case designation and continuance (Doc. 53).[1]

Pursuant to 18 U.S.C. §3161(h)(7)(A) and (B)(i), (ii), and (iv), a court may determine that a case is "complex" for purposes of the Speedy Trial Act due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law that it would

---

[1] Defendant Marshall's motion to join is **GRANTED**.

be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. Seeking a "complex case" designation, Defendants Johnson and Marshall assert that the discovery in this case exceeds 3,000 pages and includes hundreds of digital images. While discovery may be substantial, the Court is not persuaded that nature of the prosecution or the existence of novel questions of fact or law render this case "complex" as contemplated by the Act. Accordingly, the motion is **DENIED** as to the request to designate this case as complex.

That said, given the amount of discovery to be produced, the Court **GRANTS** the motion to continue the current final pretrial and trial dates. The jury trial set for November 27, 2023, is **VACATED**. The Court finds that the ends of justice served by the granting of the instant motion outweighs the best interests of the public and the Defendants in a speedy trial.

The final pretrial conference currently scheduled for November 14, 2023, at 10:30 a.m. is **CONVERTED** to a video status conference to set a firm trial date. Information regarding the video conference will be sent by email to all parties. Full access to this hearing is available remotely. Instructions to join the hearing are as follows: Call toll free 877-873-8017, when prompted enter Access Code 4354777. In light of the public health crisis due to the COVID-19 virus, the Court finds that full access to the press and public cannot be afforded for this hearing. Other alternatives were considered, but at this time the Court only has the technological capability to allow access by teleconference.

Finally, Defendant Johnson's motion to appear remotely (Doc. 52) is **DENIED** to the extent it seeks an order to appear remotely for all non-evidentiary Court hearings. The Court

will determine on a case-by-case basis whether to permit the parties to appear remotely for non-evidentiary hearings in this matter.

    IT IS SO ORDERED.

    DATED: November 3, 2023

                                              **STACI M. YANDLE**
                                              **United States District Judge**