IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cr-40034-SMY |
| | ) |
| LEE JAY JOHNSON, | ) |
| STEVEN JAMES PIQUE, | ) |
| GERALD BRENT MORAN, | ) |
| JOSHUA AARON MARSHALL, and | ) |
| JOHN MICHAEL PRITCHARD | ) |
| | ) |
| Defendants. | ) |

# ORDER

**YANDLE, District Judge:**

Defendants Lee Jay Johnson, Steven James Pique, Gerald Brent Moran, Joshua Aaron Marshall, and John Michael Pritchard are charged with conspiracy to violate the Lacey Act and unlawful transportation of wildlife (Doc. 1). Now before the Court are Defendant Johnson's motions for discovery (Docs. 67, 68, 70), motion *in limine* to preclude prosecutor from conferring with prosecution witnesses (Doc. 72), motion for disclosure of impeaching information (Doc. 75), and motion for bill of particulars (Doc. 79), which the Government opposes (Docs. 101-106). The Court rules as follows.

### Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence (Doc. 67)

Johnson moves for an order requiring the Government to give notice of its intent use evidence of other crimes, wrongs, or acts. Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person to show

that he likely acted in conformity therewith on a particular occasion. Fed.R.Evid. 404(b). The purpose of the notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed.R.Evid. 404(b), Notes of Committee on the Judiciary, Sen Rep. No. 93–1277. Under the Rule, the Government must provide reasonable advance notice of its intention to use such evidence and the general nature thereof.

The Government acknowledges its obligations under Rule 404(b) and, at this stage, has not identified any evidence contemplated by Rule 404(b) that it intends to use. The Rule requires reasonable notice and, as trial is not scheduled until June 2024, Johnson's request is premature. Accordingly, the motion is **DENIED**.

### Motion to Discover Use of Electronic Devices (Doc. 68)

Johnson moves for an order requiring the Government to ascertain and report to the Court whether any electronic eavesdropping or recording device was utilized in the investigation of this case and to permit him to inspect any use of such electronic devices. No Title III application for an order authorizing or approving the interception of wire, oral, or electronic communications, pursuant to 18 U.S.C. § 2518, has been made in this case. Any consensual recorded conversations have been provided to Defendant pursuant to Rule 16. Accordingly, the motion is **DENIED**.

### Motion for Pretrial Access to Witnesses (Doc. 70)

Johnson moves for the Court to order the Government to provide pretrial access to witnesses in this case, but cites no authority for his request. According to the Government, the names of nearly every witness involved in this case have been previously provided to Defendant through the normal exchange of discovery. As such, the motion is **DENIED**.

**Motion to Preclude Prosecutor from Conferring with Prosecution Witnesses (Doc. 72)**

Johnson moves for a protective order precluding the Government from conferring with prosecution witnesses during trial. The Government has a duty to follow the rules and procedures governing trial practices; there is no indication in the record that the Government has run afoul of its obligations. Accordingly, the motion is **DENIED**.

**Motion for Disclosure of Impeaching Information (Doc. 75)**

Johnson moves the Court to enter an order directing the prosecution to disclose any *Brady* or *Giglio* information now known and allowing Defendant to inspect the personnel files of all law enforcement agents the Government intends to call as witnesses in order to identify and disclose *Brady* and *Giglio* information.

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 155 (1972), and their progeny, the Government has a duty to disclose evidence that is exculpatory or that impeaches a government witness. A defendant is entitled to disclosure of all evidence that "would tend to exculpate" him, *Brady*, 373 U.S. at 88, and all evidence that casts doubt on the credibility of prosecution witnesses and is material to the outcome of the trial. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio*, 405 U.S. at 155.

Here, the Government acknowledges its continuing obligations under *Brady*, *Giglio* and their progeny. When the Government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient. *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999).

To the extent Johnson requests an *in camera* review to ensure the Government has made all required disclosures, he has not made a sufficient showing to warrant such a review. To obtain an *in camera* review, the defendant must "at least make some plausible showing that documents in the government's possession contain information both material and favorable to his

defense." *United States v. Jumah*, 599 F.3d 799, 809-10 (7th Cir. 2010). An *in camera* review is not appropriate where, as here, the defendant merely speculates that undisclosed impeachment evidence exists. The motion is **DENIED**.

### Motion for Bill of Particulars (Doc. 79)

Johnson moves for an order directing the Government to file a bill of particulars detailing where in the Southern District of Illinois and at what time Johnson committed the acts alleged in the Indictment. Federal Rule of Criminal Procedure 7(f) allows for the filing of a bill of particulars – "a more specific expression of the activities defendant is accused of having engaged in which are illegal." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991).

"The test for whether a bill of particulars is necessary is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). "A bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery." *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013).

The Indictment is sufficiently detailed and alleges all essential elements of the offense of conspiracy to violate the Lacey Act. The Government has also provided Johnson with extensive pretrial discovery, including cell-site location information, coordinates, and plat maps of data points. The Indictment coupled with the pretrial discovery produced in this case is sufficient to

apprise Johnson of the nature of the offense for which he is charged.  Therefore, the motion is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  April 8, 2024**

    **STACI M. YANDLE**
    **United States District Judge**